**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 17 CR 643 - 5** |
| | ) | |
| **AUSTIN MANSUR** | ) | |

**PROPOSED SUPERVISED RELEASE CONDITIONS**

The Court is considering imposing the following terms of supervised release. The parties are to be prepared to advise the Court at the sentencing hearing whether they agree with or object to these proposed terms, and also whether they are proposing other or different supervised release terms.

**Mandatory conditions:**

1.      The defendant shall not commit another Federal, State, or local crime.

2.      The defendant shall not unlawfully possess or use a controlled substance.

3.      The defendant shall cooperate in the collection of a DNA sample.

4.      The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests in any one year.

**General and administrative conditions:**

5.      The defendant shall not possess a firearm, ammunition, or a dangerous weapon.

6.      The defendant shall report to the probation office in the federal judicial district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

7.      During the term of supervised release, the defendant shall report to the probation officer in a manner and frequency directed by the probation officer.

8.      The defendant shall not knowingly leave the federal judicial district in which the defendant is being supervised without the permission of the court or probation officer. The probation officer shall provide the defendant with a map of the judicial district.

9.     The defendant shall permit a probation officer to visit the defendant at any reasonable time at home or any other reasonable location where the probation officer may legitimately enter, by right or consent.  The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.

10.     The defendant shall answer truthfully any inquiries by the probation officer, subject to any constitutional or other applicable privilege.

11.     The defendant shall notify the probation officer within 72 hours after becoming aware of any change or planned change in the defendant's employer, workplace, or residence.

12.     The defendant shall notify the probation officer within 72 hours after being arrested, charged with a crime, or questioned by a law enforcement officer.

13.      The defendant shall not knowingly meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity.

14.     The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior permission of the court.

**Employment and financial conditions:**

15.     If the defendant is not gainfully employed after the first 60 days of supervision, or for any 60 period during the term of supervision, the defendant shall perform 10 hours of community service per week at the direction of the probation officer until she is gainfully employed at lawful employment.  The total amount of community service shall not exceed 200 hours over the term of supervision.

16.     Any financial obligations imposed by the judgment in this case are due immediately.  Any such obligations that remain unpaid when defendant's term of supervised release commences in an amount that is at least 15% of the defendant's net monthly income, defined as income net of reasonable expenses for basic necessities such as food, shelter, utilities, insurance, and employment-related expenses.

17.     While any financial obligations imposed by the judgment are outstanding:

        a.     The defendant shall apply all monies received from income tax refunds, lottery or gambling winnings, judgments, and/or any other unanticipated or unexpected financial gains to the outstanding court-ordered financial obligation.

        b.     The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

      c.      The defendant shall provide the probation officer with access to any requested financial information for use in connection with collection of outstanding restitution obligations.

      d.      Within 72 hours of any significant change in the defendant's economic circumstances, the defendant must notify the probation officer about the change.

Date:  August 5, 2019

 

MATTHEW F. KENNELLY
United States District Judge